fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

KENNETH THOM,

Defendant.

--------------------------------------------------------------------X

No. 25 Civ. 6909 (JPC)

**THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A COMPLETE STAY**

JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Alexander Li
Assistant United States Attorney
- *Of Counsel* –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 3

I. THE GOVERNMENT SHOULD BE PERMITTED TO INTERVENE ........ 3

II. A COMPLETE STAY OF THIS ACTION IS WARRANTED ........ 5

A. Applicable Law ........ 5

B. Discussion ........ 5

1. The Extent of the Overlap ........ 6

2. The Status of the Criminal Case ........ 6

3. The Potential Prejudice to the Parties ........ 7

4. The Interests of the Court ........ 7

5. The Public Interest ........ 7

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Bd. of Governors of the Federal Reserve System v. Pharaon*,
140 F.R.D. 634 (S.D.N.Y. 1991) .......... 9

*Bureerong v. Uvawas*,
167 F.R.D. 83 (C.D. Cal. 1996) .......... 4

*CFTC v. Alexandre*,
No. 22 Civ. 3822 (VEC), Dkt. No. 160 (S.D.N.Y. Sept. 2, 2022) .......... 1

*Kashi v. Gratsos*,
790 F.2d 1050 (2d Cir. 1986) .......... 5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012) .......... 5

*Parker v. Dawson*,
No. 06 Civ. 6191 (JFB), 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) .......... 6

*Phillip Morris Inc. v. Heinrich*,
No. 95 Civ. 328 (LMM), 1996 WL 363156 (S.D.N.Y. June 28, 1996) .......... 9

*SEC v. Beacon Hill Asset Management LLC*,
No. 02 Civ. 8855 (LAK), 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) .......... 9

*SEC v. Berman*,
No. 20 Civ. 10658 (LAP), 2021 WL 2895148 (S.D.N.Y. June 8, 2021) .......... 4

*SEC v. Calabrigo*,
No. 22 Civ. 3096 (LJL), 2022 WL 4752427 (S.D.N.Y. Sept. 30, 2022) .......... 9

*SEC v. Carroll*,
No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) .......... 2, 6

*SEC v. Chestman*,
861 F.2d 49 (2d Cir. 1988) .......... 4

*SEC v. Contorinis*,
No. 09 Civ. 1043 (RJS), 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) .......... 7

*SEC v. Garelick*,
No. 23 CIV. 5567 (PGG), 2023 WL 8602840 (S.D.N.Y. Dec. 12, 2023) .......... 8

*SEC v. Hwang*,
692 F. Supp. 3d 362, 391-92 (S.D.N.Y. 2023) .......... 1

*SEC v. Javice*,
No. 23 Civ. 2795 (LJL), 2023 WL 4073797 (S.D.N.Y. June 20, 2023).................................... 1

*SEC v. Leech*,
No. 24 Civ. 9017 (KPF), 2025 WL 436650 (S.D.N.Y. Jan. 21, 2025).................................. 6, 8

*SEC v. Milton*,
No. 21 Civ. 6445 (AKH), 2022 WL 3156180 (S.D.N.Y. Aug. 8, 2022)................................... 1

*SEC v. Nicholas*,
569 F. Supp. 2d 1065 (C.D. Cal. 2008) ..................................................................... 8, 9

*SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*,
No. 11 Civ. 6500 (RA), 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012)...................................... 7

*SEC v. Sarshar*,
No. 20 Civ. 6865 (GBD), Dkt. No. 35 (S.D.N.Y. June 3, 2021)............................................... 2

*SEC v. Shkreli*,
No. 15 Civ. 7175 (KAM), 2016 WL 1122029 (E.D.N.Y. Mar. 22, 2016) ................................ 6

*Twenty First Century Corp. v. LaBianca*,
801 F. Supp. 1007 (E.D.N.Y. 1992) ........................................................................... 4

*United States v. One 1964 Cadillac Coupe DeVille*,
41 F.R.D. 352 (S.D.N.Y. 1966) ............................................................................ 6

*United States v. Percevault*,
490 F.2d 126 (2d Cir. 1974) ............................................................................... 8

*Volmar Distrib., Inc. v. New York Post Co., Inc.*,
152 F.R.D. 36 (S.D.N.Y. 1993) ...................................................................... 5, 6, 7

**Statutes**

18 U.S.C. § 3500.......................................................................................................... 10

**PRELIMINARY STATEMENT**

The United States of America, by and through the United States Attorney for the Southern District of New York (the "Government"), respectfully submits this memorandum of law in support of its application (i) to intervene in the above-captioned case, pursuant to Federal Rule of Civil Procedure 24, and (ii) to stay this matter in its entirety until the conclusion of the parallel criminal case, *United States v. Kenneth Thom*, 25 Cr. 360 (ER) (the "Criminal Case"). The defendant, through his counsel in the Criminal Case, has informed the Government that he consents to the Government's request for a stay. Counsel for the Securities and Exchange Commission ("SEC") has informed the Government that the SEC takes no position on the Government's request for a stay.

The Criminal Case arises from the same set of facts and circumstances that underlie this action. As a result, a full stay is appropriate because any exchange of discovery in this action would be asymmetrical and would allow the defendant to circumvent the criminal discovery rules and improperly tailor his defense in the Criminal Case. In similar situations, courts in this Circuit and others have often entered a stay of parallel civil actions when there is a related criminal prosecution with overlapping defendants and facts, even over a defendant's objection — a circumstance not present here. *See, e.g.*, *SEC v. Hwang*, 692 F. Supp. 3d 362, 391-92 (S.D.N.Y. 2023) (granting full stay of discovery over defendants' objection); *SEC v. Javice*, No. 23 Civ. 2795 (LJL), 2023 WL 4073797, at *4-8 (S.D.N.Y. June 20, 2023) (granting full stay of discovery over defendant's objection and alternative suggestion of partial stay of discovery); *CFTC v. Alexandre*, No. 22 Civ. 3822 (VEC), Dkt. No. 160 (S.D.N.Y. Sept. 2, 2022) (granting full stay over defendant's objection and proposal to permit depositions to proceed); *SEC v. Milton*, No. 21 Civ. 6445 (AKH), 2022 WL 3156180, at *3-5 (S.D.N.Y. Aug. 8, 2022) (granting full stay over defendant's objection); *SEC v. Sarshar*, No. 20 Civ. 6865 (GBD), Dkt. No. 35 (S.D.N.Y. June 3,

2021) (same); *SEC v. Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *2-5 (S.D.N.Y. Mar. 17, 2020) (same).

For the reasons that follow, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

## FACTUAL BACKGROUND

This case and the parallel Criminal Case arise out of the same underlying events. On August 12, 2025, a grand jury in this District returned Indictment 25 Cr. 360 (ER) (the "Indictment"), charging Thom with securities fraud and investment adviser fraud. (*See* Indictment (Ex. A)). On August 21, 2025, the SEC filed a complaint against Thom alleging violations of securities laws arising from the same fraudulent scheme. (Dkt. 1 (the "SEC Complaint")).

As alleged in the Indictment and the SEC Complaint, between late 2023 and early 2025, Thom defrauded investor-clients by soliciting funds for his investment advisory business through false and misleading statements and by misappropriating portions of the funds entrusted to him to manage. (Indictment ¶ 1; SEC Complaint ¶¶ 1-5.)[1] Beginning in late 2023, Thom invited members of a Facebook account that Thom operated to participate in "shared accounts," which Thom would manage and invest in exchange for a percentage of the profits. (Indictment ¶¶ 5-9; SEC Complaint ¶¶ 29-39). Thom eventually raised nearly $800,000 from approximately sixty-seven clients. (Indictment ¶ 10; SEC Complaint ¶ 44). Of this sum, Thom invested only approximately $350,000, diverting most of the remainder for his own personal use, including on travel, dining, and luxury goods. (Indictment ¶¶ 10-11; SEC Complaint ¶¶ 80-85). Of the $350,000 that Thom invested, he lost more than $250,000 trading options contracts, for a net loss

---

[1] The SEC Complaint has modest variations in dates and figures.

of approximately 73% between in or about March 2024 and in or about March 2025. (Indictment ¶ 12; SEC Complaint ¶¶ 54-57). To hide these losses, THOM published false performance updates showing significant gains. (Indictment ¶¶ 13-16; SEC Complaint ¶¶ 64-72). In early 2025, Thom stopped responding to investor-clients. (Indictment ¶ 18; SEC Complaint ¶¶ 93-98).

The Criminal Case against the defendant will involve proof of substantially all the conduct alleged in the SEC Complaint.

## ARGUMENT

The Government's requests to intervene and for a complete stay of this civil action should be granted. If this case were to proceed, there would be a risk of significant interference with the Criminal Case. A complete stay would prejudice no party to this civil action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action are likely to be resolved in the Criminal Case. Neither party to this civil action opposes the Government's request, and the defendant consents to a stay.

### I. THE GOVERNMENT SHOULD BE PERMITTED TO INTERVENE

Under Federal Rule of Civil Procedure 24(a)(2), anyone may intervene as of right in an action when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government's application satisfies both these provisions, given the effect upon the Criminal Case this civil proceeding would have and the similarity of facts and claims between the parallel proceedings.

"As a rule, district courts in this Circuit have allowed the government to intervene in civil actions — especially when the government wishes do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).[2] The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam). Intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represents the Government's interests with respect to the investigation and enforcement of the federal criminal laws. *See Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly, neither the Plaintiffs nor the Defendants have this identical interest."); *SEC v. Berman*, No. 20 Civ. 10658 (LAP), 2021 WL 2895148, at *2 (S.D.N.Y. June 8, 2021) ("[T]he parties to this civil litigation do not represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes.").

Moreover, discovery and a trial in this action in advance of a criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. This case and the related Criminal Case center on the same investor fraud scheme. Holding a civil trial before the criminal proceedings could result in two trials over the same fraudulent acts, unnecessarily burdening witnesses by requiring them to testify twice. The Court should permit the Government to intervene to protect these important public interests.

---

[2] Unless otherwise specified, all case quotations omit internal quotation marks, citations, and prior alterations.

## II. A COMPLETE STAY OF THIS ACTION IS WARRANTED

### A. Applicable Law

This Court has the inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Id.* at 99. "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99. The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.*

### B. Discussion

Each of the applicable factors favors a stay of this case.

**1. The Extent of the Overlap**

"The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (quoting Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("[W]here both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter."). Here, the facts of this case overlap with the facts alleged in the Criminal Case. The same defendant is charged in the Criminal Case and this civil case, and the Criminal Case will feature proof of substantially all the same facts through the same witnesses. Here, "[t]he substantial similarity and overlap of the allegations in the two proceedings strongly weigh in favor of granting a stay." *SEC v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *4 (E.D.N.Y. Mar. 22, 2016).

**2. The Status of the Criminal Case**

"The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Carroll*, 2020 WL 1272287, at *4. Where, as here, the defendant "has been formally indicted and appeared before the District Court," "[t]he filing of an indictment weighs in favor of a stay." *SEC v. Leech*, No. 24 Civ. 9017 (KPF), 2025 WL 436650, at *2 (S.D.N.Y. Jan. 21, 2025). The status of the criminal case therefore weighs strongly in favor of a stay.

**3. The Potential Prejudice to the Parties**

As neither the SEC nor the defendant opposes a full stay, there is no prejudice to either party in this case.[3] Indeed, staying this case to permit the Criminal Case to proceed to conclusion would benefit the defendant, because it would, for now, obviate the defendant from being forced to choose between being prejudiced in this case by the assertion of his Fifth Amendment rights or being prejudiced in the Criminal Case if waiving those rights. *See Volmar Distributors*, 152 F.R.D. at 40. In sum, no party will suffer any unfair prejudice from a complete stay.

**4. The Interests of the Court**

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *Cf. SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Global Indus*., 2012 WL 5505738, at *4 ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."). Because the Criminal Case's outcome will likely affect the conduct, scope, and result of the civil proceeding, potentially streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors a stay.

**5. The Public Interest**

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery —

[3] Where the SEC, the plaintiff in the litigation, does not oppose a stay, "[t]his position perhaps indicates support for a stay, but at the very least makes clear that the SEC does not believe it will be prejudiced by one." *SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012).

restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses. *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008) (criminal rules of discovery were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

There are three principal Government interests justifying a stay of civil discovery while parallel criminal proceedings are pending:

> (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

*SEC v. Garelick*, No. 23 CIV. 5567 (PGG), 2023 WL 8602840, at *6 (S.D.N.Y. Dec. 12, 2023). Based on these concerns, judges in this District have frequently granted Government requests to limit discovery in a parallel civil action to prevent the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceeding. *See, e.g.*, *id.* (granting stay sought by Government); *Leech*, 2025 WL 436650, at *2 ("[T]he interests of both the judicial system and the public favor a stay, pending resolution of the Criminal Case, given the strong interests in judicial economy and against using civil discovery as a potential vehicle to

circumvent the restrictions that would otherwise apply in criminal discovery."); *SEC v. Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) ("The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (agreeing that if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.").

Indeed, the rationale underlying a stay is even stronger where, as here, the defendant has been indicted, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very civil discovery process he seeks to use affirmatively. *See, e.g.*, *SEC v. Calabrigo*, No. 22 Civ. 3096 (LJL), 2022 WL 4752427, at *5 (S.D.N.Y. Sept. 30, 2022) (discussing strategic use by a defendant of his Fifth Amendment right in civil proceedings); *Nicholas*, 569 F. Supp. 2d at 1070 ("The specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the Defendants."). Denying a stay would therefore result in asymmetrical discovery in this case, pursuant to which the defendant would be able to obtain statements from relevant witnesses through depositions, and use other discovery mechanisms such as requests for

admission and interrogatories to obtain information from the SEC, while the SEC would be unable to use any of these discovery mechanisms to obtain information from the defendant because of his likely assertion of his Fifth Amendment rights. Such asymmetry is both unfair to the SEC and a circumvention of the criminal discovery rules that govern when criminal defendants are entitled to obtain prior statements of the Government's trial witnesses. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.").

The public interest therefore weighs in favor of a stay.

**CONCLUSION**

For these reasons, the Court should grant the Government's motions to intervene and to stay this matter until the conclusion of Criminal Case.

Dated: New York, New York
September 19, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ______________________

Alexander Li
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, New York 10278
Tel: (212) 637-2265