UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KENNETH THOM,

Defendant.

C.A. No. 25-6909 (JPC)

---

**JUDGMENT AS TO DEFENDANT KENNETH THOM**

The Securities and Exchange Commission having filed a Complaint and Defendant Kenneth Thom having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii)

disseminating false or misleading documents, materials, or information or making, either orally

or in writing, any false or misleading statement in any communication with any investor or

prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) Defendant's qualifications to advise investors; or

(f) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) Defendant's qualifications to advise investors; or

(f) the misappropriation of investor funds or investment proceeds.

3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2) by using the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)     to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of client funds,

(d) compensation to any person,

(e) Defendant's qualifications to advise clients; or

(f) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Advisers Act Section 206(4) [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a)(2) thereunder [17 C.F.R. § 275.206(4)-8(a)(2)] by use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], directly or indirectly to engage in an act, practice, or course of business which is fraudulent, deceptive, or manipulative by:

(a)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b)    by otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle

5

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

 (a) any investment strategy or investment in securities,

 (b) the prospects for success of any product or company,

 (c) the use of client funds,

 (d) compensation to any person,

 (e) Defendant's qualifications to advise clients; or

 (f) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently enjoined from, directly or indirectly participating, including, but not limited to, through any entity owned or controlled by Defendant, in the issuance, purchase, offer, or sale of any security, provided, however, that the injunction shall not prevent Defendant from purchasing or selling securities for his own personal accounts.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED THAT Defendant is permanently enjoined from, directly or indirectly, acting as or being associated with

any broker, dealer, or investment adviser. For purposes of this paragraph: (a) a person is associated with a broker or dealer if such person if a partner, officer, director, or branch manager of such broker or dealer (or occupies a similar status or performs similar functions), directly or indirectly controls, or is controlled by, or is under common control with such broker or dealer, or is an employee of such broker or dealer; and (b) a person is associated with an investment adviser if such person is a partner, officer, or director of an investment adviser (or performs similar functions), or directly or indirectly controls or is controlled by such investment adviser.

## VII.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)], Exchange Act Sections 21(d)(3), 21(d)(5), and 21(d)(7) [15 U.S.C. §§ 78u(d)(3), 78u(d)(5), and 78u(d)(7)], and Advisers Act Section 209(e) [15 U.S.C. § 80b-9(e)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendants shall pay prejudgment interest thereon, calculated from September 1, 2024, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for any civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

8

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  June 16           ,  2026

UNITED STATES DISTRICT JUDGE

The Court finds that this consent judgment is fair and reasonable and does not disserve the public interest.  *See SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294-97 (2d Cir. 2014).  The Court respectfully clarifies that the Clerk of Court should not close this case.  The parties are ordered to file a joint status letter on September 14, 2026, and every ninety days thereafter.